IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**SUNQUEST PROPERTIES, INC.**                                   **PLAINTIFF**

**VERSUS**                                      CIVIL ACTION NO. 2008-00,414 (3)

**NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY; NATIONWIDE MUTUAL
INSURANCE COMPANY; NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY; and
JOHN DOES 1-5**                                                **DEFENDANTS**

**SUMMONS**

**STATE OF MISSISSIPPI**

TO:   NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
      c/o Mike Chaney, Insurance Commissioner
      1001 Woolfolk State Office Bldg.
      501 N. West Street
      Jackson, MS 39201

**Notice To Defendant(s)**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Wynn E. Clark**, attorney for the Plaintiffs, whose mailing address is **2510 16th Street, Gulfport, Mississippi**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of this Court, this 04 day of Sept, 2008.

_Joe W Martin Jr_
by: _Joyce Jupin, DC_
CIRCUIT CLERK
Jackson County, Mississippi
Pascagoula, MS 39567

EXHIBIT
"A"

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**SUNQUEST PROPERTIES, INC.**  **PLAINTIFF**

**VERSUS**  CIVIL ACTION NO. 2008-00,444 (3)

**NATIONWIDE PROPERTY AND CASUALTY**
**INSURANCE COMPANY; NATIONWIDE MUTUAL**
**INSURANCE COMPANY; NATIONWIDE**
**MUTUAL FIRE INSURANCE COMPANY; and**
**JOHN DOES 1-5**  **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI**

COPY

TO:  **NATIONWIDE MUTUAL INSURANCE COMPANY**
c/o Mike Chaney, Insurance Commissioner
1001 Woolfolk State Office Bldg.
501 N. West Street
Jackson, MS 39201

### Notice To Defendant(s)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Wynn E. Clark**, attorney for the Plaintiffs, whose mailing address is **2510 16th Street, Gulfport, Mississippi.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of this Court, this 04 day of Sept, 2008.

_Joe W. Martin, Jr._
by: Joyce Turpin, DC
**CIRCUIT CLERK**
**Jackson County, Mississippi**
**Pascagoula, MS 39567**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

SUNQUEST PROPERTIES, INC.                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 2008-00,414 (3)

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY; NATIONWIDE MUTUAL
INSURANCE COMPANY; NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY; and
JOHN DOES 1-5                                          DEFENDANTS

**SUMMONS**

STATE OF MISSISSIPPI

TO:   NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
      c/o Mike Chaney, Insurance Commissioner
      1001 Woolfolk State Office Bldg.
      501 N. West Street
      Jackson, MS 39201

**Notice To Defendant(s)**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Wynn E. Clark**, attorney for the Plaintiffs, whose mailing address is **2510 16th Street, Gulfport, Mississippi**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of this Court, this 04 day of Sept, 2008.

_Joe W. Martin, Jr._
_by: Joyce Turpin, DC_
CIRCUIT CLERK
Jackson County, Mississippi
Pascagoula, MS 39567

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**SUNQUEST PROPERTIES, INC.**                                                                 **PLAINTIFF**

**VERSUS**                                                    CIVIL ACTION NO. 2008-00,414 (3)

**NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY; and JOHN DOES 1-5**                                    **DEFENDANTS**



AUG 28 2008

JOE W. MARTIN, JR., CLERK
By_____ D.C.

## COMPLAINT

The Plaintiff alleges:

1. The Plaintiff is a corporation organized under Louisiana law with its principal place of business at 3 Bancroft Circle, Monroe, LA 71201.

2. The Defendants (collectively, "Nationwide"), are a corporations and insurance companies qualified to do business in Mississippi and doing business in Mississippi, that are organized under the laws of a state other than Mississippi.

3. Defendants John Does 1-5 are entities or individuals who also insured the Plaintiffs for their property damage, or are entities or individuals affiliated with Nationwide or who acted in concert with Nationwide, whose identities the Plaintiffs do not now know, but may include engineering companies, adjusting companies, insurance agents, and individuals employed by Nationwide or these entities. The allegations and claims asserted against Nationwide are incorporated by reference against John Does 1-5. The Plaintiffs will identify the John Doe defendants by name and join them in this action when their identities are known, under Miss.R.Civ.P. 9(h).

### The Contract

4. At all material times, the Plaintiff was an insured for the buildings and property known as Compass Pointe Apartments, 4100 Chicot Street, Pascagoula, Jackson County, Mississippi 39581 under Nationwide's Policy No. 63BP139-742-0003 (the "contract").

5. On August 29, 2005, the contract provided multiple coverages for windstorm damage to the buildings or damage by collapse.

6. The Plaintiff does not have a complete certified copy of the contract, and therefore cannot attach a copy of the contract to the Complaint. Nationwide has a complete, certified copy of the contract, and the Plaintiffs will attach a copy of the contract when Nationwide

### First Claim: Declaratory Relief For Appraisal

7. The contract provides for multiple coverages, including coverage for direct physical loss of, or damage to, the apartment buildings described in the contract; personal property used to maintain or service the buildings or structures on the premises; business personal property; debris removal; actual loss of business income; and other property.

8. On August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast and caused substantial damage to the insured property.

9. Hurricane Katrina's winds substantially damaged the buildings and other property insured by Nationwide.

10. Nationwide's contract covered the wind damage and loss to the insured buildings and other property.

11. The Plaintiff gave Nationwide notice of its Hurricane Katrina insurance claim under the contract, and made the demand on Nationwide for payment under the contract.

12. The contract provides for appraisal of the loss if the parties disagree on the value of the property or the amount of "loss." The Plaintiff submitted a Hurricane Katrina insurance claim to Nationwide because of damage to the Plaintiff's home and other property caused by Hurricane Katrina.

13. The Plaintiff made written demand on Nationwide for an appraisal of the loss under the contract on the Plaintiff's Hurricane Katrina insurance claim.

14. Nationwide has refused to agree to appraisal of the loss, unless the Plaintiff agrees to conditions and qualifications that are not in the contract and unless the Plaintiff agrees to Nationwide's unilateral determination of "items of damage" listed in Nationwide's damage estimates.

15. Nationwide's attempt to make the appraisal process illusory and of little benefit to the Plaintiff is a breach of Nationwide's duty of good faith and fair dealing with the Plaintiff.

16. The Plaintiff is entitled to a declaratory judgment that compels Nationwide to promptly agree to and participate in appraisal on the amount of loss by promptly selecting an appraiser; having its appraiser participate in selecting an umpire with the Plaintiff's appraiser; and having the appraisers "state separately the amount of loss" or submit their differences to an umpire if the appraisers do not agree on "the amount of loss."

17. The Plaintiffs are entitled to a declaratory judgment under Miss.R.Civ.P. 57(a-b) declaring the rights of the parties under appraisal, and resolving all disputes, if any, that may arise in

appraisal, and compelling enforcement of the appraisal decision when the appraisers, or one of the appraisers and the umpire, issue an appraisal decision.

18.  The Plaintiffs are also entitled to a declaratory judgment on the parties' rights with respect to the Plaintiff's Hurricane Katrina insurance claim and losses and issues within the scope of contract appraisal.

### Second Claim: Breach Of Contract and Declaratory Relief

19.  The Plaintiff realleges and incorporates the allegations of the Complaint and the First Claim.

20.  Each of the coverages described above in paragraph 7 constitutes a separate contract under Mississippi law, and a separate contractual undertaking by Nationwide.

21.  Under the contractual coverage, Nationwide agreed to insure the Plaintiff for "direct physical loss" to covered property from a covered cause of loss.

22.  The damage and loss to the Plaintiff property was covered by the contract.

23.  As a result of Nationwide's breach of contract, the Plaintiffs sustained contract damages for the damage and loss to the apartment buildings, building personal property, and for debris removal and loss of business income, and is entitled to a judgment for compensatory contract damages and declaratory relief.

### Third Claim: Extracontractual Damages Not Including Punitive Damages

24.  The Plaintiff realleges and incorporates the allegations of the Complaint and the First and Second Claims.

25.  Nationwide arbitrarily breached the contract with the Plaintiffs or was negligent or grossly negligent by failing to timely pay the Plaintiff's contract benefits under

the contract for damage property and losses in a way that breached Nationwide's covenant of good faith and fair dealing with the Plaintiffs.

26. Nationwide knew, or should have known, that the Plaintiffs needed timely and adequate payment of contract benefits. Nationwide knew, or should have known, that the Plaintiffs would sustain extracontractual damages for lost business income, inconvenience, attorney's fees, litigation costs and expenses, and interest if Nationwide failed to timely pay adequate contract benefits to the Plaintiffs that were due under the contract.

27. Nationwide unreasonably failed to make a timely, prompt, fair and reasonable investigation of the Plaintiff's claim, and failed and refused to timely pay complete contract benefits that are due the Plaintiff under the contract for property damage, loss of business income, and other contract benefits.

28. Nationwide's unreasonable delay in paying the Plaintiff contract benefits caused economic hardship on the insured and left the insured without adequate funds to repair and restore the building, resulting in the diminution of the property's value.

29. As a proximate result of Nationwide's conduct, the Plaintiff's sustained extracontractual damages for lost business income, inconvenience, attorney's fees, litigation costs and expenses, diminution of the value of the property, and prejudgment interest from January 1, 2006.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment against Nationwide for:

1. declaratory relief that declares the rights of the parties under appraisal, including enforcement of an appraisal decision and the relief described above in paragraphs 16, 17, and 18;

2. declaring the rights of the parties for contract issues outside the scope of contract appraisal, including the relief described above in paragraph 23;

3. compensatory damages for contract benefits, lost business income, diminution of property value, business income, inconvenience, attorney's fees, litigation costs and expenses; and prejudgment interest from January 1, 2006; and

4. costs of Court.

Respectfully submitted, this the 28 day of August, 2008.

SUNQUEST PROPERTIES, INC., PLAINTIFF

BY: *Wynn E. Clark*
Attorney For Plaintiff

Wynn E. Clark
2510 16th Street
Gulfport, MS 39501
Tel: (228) 575-9996
Fax: (228) 575-9030
Miss. Bar No. 6279
E-Mail: wynnclark@bellsouth.net