**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

SUNQUEST PROPERTIES, INC. and
COMPASS POINTE APARTMENTS
PARTNERSHIP                                                                                   PLAINTIFFS

v.                                                                    Civil Action No. 1:08-CV-692-LTS-RHW

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES 1-5,                                                                        DEFENDANTS

**NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION TO STRIKE LEWIS O'LEARY AS PLAINTIFFS'
"COMPETENT AND IMPARTIAL" APPRAISER**

COMES NOW, Nationwide Property and Casualty Insurance Company ("Nationwide"), and hereby moves this Court to Strike Lewis O'Leary as Plaintiff's "Competent and Impartial" Appraiser. In support of this Motion, Nationwide states as follows:

1. The appraisal clause of the insurance contract between Plaintiffs and Nationwide contains an express requirement that, upon written demand for appraisal by either party, "each party will select a competent and impartial appraiser." (*See* Nationwide Business Provider Policy, Form BPP-0006 (1-0294) § E.2 at NW-2SUN000102, Certified Business Provider Policy 63BP1397420004 (Ex.1).)

2. On August 18, 2009, this Court issued an Order granting Plaintiffs' Motion for an Appraisal of the Entire Loss, and directing the parties to "select someone who they sponsor as a competent and impartial appraiser." (*See* Aug. 18, 2009 Order at 3 [Dkt. 80].) Subsequent to entry of the Court's Order, Plaintiffs elected to continue with Mr. O'Leary as their chosen appraiser, after first nominating him in their initial appraisal demand of July 2009. (*See* Aug. 20, 2009 Letter N. Gaudet to L. Hill (Ex. 2).)

3. As set out more fully in Nationwide's supporting memorandum, ample evidence of Mr. O'Leary's partiality renders him unqualified to serve as a "competent and impartial

appraiser," as required by the appraisal clause in Plaintiffs' policy.  Simply put, a person who has been paid to work for several years on the development of a claim and continues to be paid to support that claim, is not sufficiently "impartial" to pass judgment of any kind upon that claim.  Yet this is precisely what Plaintiffs suggest in nominating Mr. O'Leary as their purportedly "impartial" appraiser.

4. First, and most importantly, Mr. O'Leary has been paid tens of thousands of dollars to support and advance the very claim for which Plaintiffs offer him as a purportedly "impartial" appraiser.  Mr. O'Leary was initially hired by Plaintiffs approximately two-and-a-half years ago to determine whether they "ha[d] a case regarding substantially more money than what Nationwide had offered." (Oct. 6, 2009 Deposition of Lewis O'Leary at 80 (Ex. 5).)  Since that time, he has worked directly for Plaintiffs to advance the claim at issue in this litigation as an insurance claim consultant, a wind appraisal consultant, a forensic engineering consultant, a testifying litigation expert, and now an appraiser. (*See id.* at 76-77, 80-83.)  For his work on this claim, Plaintiffs have paid Mr. O'Leary at least $51,533.87 and as much as $100,000. (*See id.* at 202-203; Oct. 8, 2009 O'Leary Invoice (Ex. 7).)

5. Second, Mr. O'Leary's status as Plaintiffs' litigation expert itself specifically precludes him from serving as an "impartial" appraiser.  "[O]ngoing litigation work" as an expert, even when conducted only in unrelated cases, "is a direct pecuniary interest which casts considerable doubt on the appraiser's ability to act impartially." *Gebers v. State Farm Gen. Ins. Co.*, 38 Cal. App. 4th 1648, 1652-53 (Dist. Ct. App. 1995) (holding, under "evident partiality" standard, that appraiser's service as expert witness in two unrelated matters while serving on panel of appraisers in insurance dispute was "more than ample" to vacate arbitration award).  Mr. O'Leary's strategic advisory relationship with the party nominating him as an "impartial" appraiser, moreover, further confirms Mr. O'Leary's inability to meet that standard.  *See* 15 Couch on Insurance, § 211:34.

6. Third, Mr. O'Leary cannot be "impartial" in light of the fact that he has already formed opinions on the precise subject of the appraisal. In addition to opinions conveyed to Plaintiffs in his capacity as a consultant, Mr. O'Leary has already authored a litigation report setting forth opinions on the scope and replacement cost of damage to Plaintiffs' property. As such, he has already "formed and expressed an opinion as to the probable values of the [property], or amounts which [the plaintiffs] might receive out of an appraisal proceeding," and there exists a "risk that his judgment might be influenced, consciously or subconsciously, by his previous conclusions and recommendations, or by a tendency to attempt to justify them, … such that he should not be expected to act with the freedom of mind required. In consequence, he is not a 'disinterested' person." *Scott v. Arden Farms Co.*, 28 A.2d 81, 86 (Del. Ch. 1942). He reached this pre-formed conclusion, moreover, despite lacking critical photographic evidence and engineering reports procured by Nationwide. (*See* O'Leary Dep. at 10, 79-80, 136-37.)

7. Fourth, while not necessary to render him incapable of being "impartial," evidence of Mr. O'Leary's actual bias against Nationwide leaves no doubt of his unfitness. In his own words, Mr. O'Leary "jumped the fence about 15 years ago" and began "functioning largely for the consumers." (*Id.* at 239-40.) In fact, of the 75 Hurricane Katrina cases in which Mr. O'Leary has been retained in some capacity, all of his work has been on the property owner side of this perceived "fence." (*Id.* at 20-21.)

8. In further support of its Motion, Nationwide attaches and incorporates by reference the following exhibits:

| | |
|---|---|
| Exhibit 1 | Nationwide Business Provider Policy, Form BPP-0006 (1-0294), Certified Business Provider Policy 63BP1397420004 |
| Exhibit 2 | Aug. 20, 2009 Letter N. Gaudet to L. Hill |
| Exhibit 3 | Sept. 27, 2009 Letter D. Horton to L. O'Leary |
| Exhibit 4 | Aug. 28, 2009 Letter K. O'Scannlain to N. Gaudet & M. Brown |
| Exhibit 5 | Oct. 6, 2009 Deposition of Lewis O'Leary |
| Exhibit 6 | Nov. 27, 2007 Letter R. Brockman to T. Brandon |
| Exhibit 7 | Oct. 8, 2009 O'Leary Invoice |
| Exhibit 8 | Oct. 4, 2009 Email L. O'Leary to Todd Skinner |

| | |
|---|---|
| Exhibit 9 | June 25, 2009 Email L. O'Leary to T. Moran and N. Hall |
| Exhibit 10 | Jan. 15. 2006 Email L. O'Leary to H. Kuehn |
| Exhibit 11 | June 29, 2009 Report of Findings |

WHEREFORE, PREMISES CONSIDERED, Nationwide prays that its Motion to Strike Lewis O'Leary As Plaintiffs' "Competent And Impartial" Appraiser be granted, and that the Court enter an Order both striking Mr. O'Leary and directing Plaintiffs to select a duly qualified and "impartial" candidate prior to the selection or appointment of an umpire or the initiation of any other steps in the contractually defined appraisal process.

THIS, the 22nd day of October, 2009.

Respectfully submitted,

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, DEFENDANT

By Its Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.

By:     /s/ Laura L. Hill
        LAURA L. HILL
        lhill@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Christian D.H. Schultz (Bar No. 44747)
Kate S. O'Scannlain (Bar No. 45034)
Robert B. Gilmore (Bar No. 44997)
Kenneth S. Clark (Bar No. 44718)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

> Nathan M. Gaudet
> Matthew K. Brown
> SULLIVAN, STOLIER AND RESOR, APLC
> 909 Poydras Street, Suite 2600
> New Orleans , LA 70112
> 504/561-1044
> Fax: 504/561-8606
> ngaudet@ssrlawfirm.com
> mbrown@ssrlawfirm.com

This the 22nd day of October, 2009.

                By:    */s/ Laura L. Hill*
                         LAURA L. HILL
                         lhill@watkinsludlam.com