UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


SUNQUEST PROPERTIES, INC., and
COMPASS POINTE APARTMENTS PARTNERSHIP                    PLAINTIFFS

V.                                              CIVIL ACTION NO.1:08CV692 LTS-RHW

NATIONWIDE PROPERTY AND CASUALTY COMPANY, ET AL.         DEFENDANT


### MEMORANDUM OPINION

The Court has before it Nationwide Property and Casualty Company's (Nationwide) motion [111] to strike the plaintiffs' designation of Lewis O'Leary (O'Leary) as their appraiser.

The Nationwide policy provides:

Appraisal

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a.    Pay its chosen appraiser; and

    b.    Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Nationwide's objection to O'Leary's participation in the appraisal is not based on any allegation of incompetency. Rather, Nationwide's objection is based on the assertion that plaintiffs' having employed O'Leary as an expert on the issue of covered damage to the insured property deprives O'Leary of the impartiality required by the appraisal provision of the policy.

The policy requires each party to engage and pay for the services of an appraiser of its choice. The appraisers the parties select must necessarily inspect all the evidence of damage to the property available at the time of the appraisal and must form opinions regarding the extent of the total damage to the building.

If prior appraisals that have come before the court are any indication of how the appraisal process works, it is likely that the appraisers will agree on much of the damage they inspect, and there will be few differences of opinion for the umpire to resolve. The professional appraisers who have testified in other Katrina cases, including O'Leary, have demonstrated a high degree of professionalism and expertise in making their evaluations. All certified real estate appraisers in Mississippi operate under a set of standards imposed by state law. Miss.Code Ann. §73-34-37 (1995).

The appraisers in this case have been charged by the Court to determine the total damage caused by Hurricane Katrina, both from wind (a covered loss) and from storm surge flooding (an excluded loss). While O'Leary's employment as the plaintiffs' expert requires him to identify the covered loss, i.e. the wind damage to the building, he has no such responsibility in conducting the appraisal of the total storm damage.

My review of the record indicates that O'Leary is already familiar with the storm damage to the insured property based on his prior inspections. Requiring the plaintiffs to hire a new appraiser would necessarily duplicate much of the work O'Leary has done, and it would also duplicate substantial expenses the plaintiffs have already incurred.

Nationwide's challenge to O'Leary's participation in the appraisal is based upon O'Leary's having already formed opinions concerning the part of the damage done by wind. Nationwide has not demonstrated how this could affect the opinion O'Leary will form of the total damages from all causes (covered causes and excluded causes). Nor has Nationwide offered any justification for O'Leary's exclusion based upon his having a pecuniary interest in the outcome of the appraisal.

Although experts in many fields are engaged to give testimony in litigated matters and experts who become witnesses go to great pains to appear impartial and objective, they are employed to highlight the aspects of the evidence favorable to the party who hires them and to explain how the established facts fit within their employer's theory of the case. Experts are expected to testify on behalf of their employer to establish the most favorable facts and theories the truth will allow. So are appraisers. As a practical matter, it is nearly impossible for any expert witness or appraiser engaged in a litigated matter to be completely unaffected by his having accepted employment by one side or the other.

In *Broadhead v. Bonita Lakes Mall*, Ltd., 702 So.2d 92 (Miss.1997), the Court considered the competency of an appraiser who owned a partial interest in land near the parcel he had appraised. The Court stated:

>The *Hill* Court defined the term "disinterested" as meaning "[n]ot
>concerned, in respect to possible gain or loss, in the result of the
>pending proceedings or transactions; impartial, not biased or prejudiced,"
>and noted that "interested parties" were generally defined as
>"parties who have a pecuniary interest in the subject of the contest."
>*Hill v. Thompson*, 564 So.2d 1 at 12-13 (Miss.1989).

There is no evidence in the record to support a finding that O'Leary has any pecuniary interest in the outcome of the appraisal. His having accepted employment as an expert prior to the appraisal, in and of itself, demonstrates no impartiality greater than that which necessarily flows from his having accepted employment by one of the parties to a litigated matter. O'Leary's prior employment as an expert on the issue of covered damages is insufficient, in my view, to prohibit the plaintiffs from selecting him as their representative in the appraisal of all storm damage to the covered property.

Nationwide's motion to exclude O'Leary from participation in the appraisal will therefore be denied. An appropriate order will be entered.

Finally, in order for the record to be complete, Plaintiffs will be given leave to file the affidavit of Lewis O'Leary.

**DECIDED** this 11th day of December, 2009.

>s/ L. T. Senter, Jr.
>L. T. SENTER, JR.
>SENIOR JUDGE