**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

SUNQUEST PROPERTIES, INC. and
COMPASS POINTE APARTMENTS
PARTNERSHIP,                                                                              **PLAINTIFFS**

v.                                                             Civil Action No. 1:08-CV-692-LTS-RHW

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES 1-5,                                                                       **DEFENDANTS**

**MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), by and through counsel, and files this Motion for Summary Judgment. In support thereof, Nationwide shows the following:

1. At the time of Hurricane Katrina, Plaintiffs Sunquest Properties, Inc. and Compass Pointe Apartments Partnership owned and managed an apartment complex comprised of twelve separate apartment buildings and three ancillary buildings located at 4100 Chicot Street in Pascagoula, Mississippi ("the Property"). The Property is located approximately 2.4 miles inland from the Mississippi Sound, 2.3 miles east of the Pascagoula River, and 1.3 miles southeast of Krebs Lake. At the time of Hurricane Katrina, the Property was insured through a standard Business Provider Policy issued by Nationwide, with policy number 6323 BP 139742 0003 ("the Policy"). The Policy provided total coverage limits of $4,386,616 for the apartment buildings and business personal property, and also allowed for loss of business income (subject to the terms, conditions, limits, endorsements, and exclusions set forth in Plaintiffs' policy). To date, Nationwide has paid Plaintiffs a total of $564,395.88 — $472,451.88 for wind-related damage to the Property, and $91,944.00 for lost rents.

2. Nevertheless, Plaintiffs have sued Nationwide claiming they are entitled to additional insurance proceeds, as well as extracontractual damages for their alleged breach of contract claim. Plaintiffs also allege bad faith and request punitive damages.

3. As Nationwide explains at length in its accompanying Memorandum of Authorities in support of this Motion, Plaintiffs' claim can easily be resolved via summary judgment. To begin, Nationwide is entitled to summary judgment that the total loss, from all causes, cannot exceed the actual repair and refurbishment costs incurred by the new buyers. Madison Homes, the company that purchased, repaired, and resold the Compass Pointe apartment complex, has produced documents that, along with the testimony of owner Gregory Stewart, show that the full amount spent by Madison Homes to refurbish the Compass Pointe complex — regardless of the cause of damage, and including upgrades — was $1,534,861.05.

4. Further, because discovery has closed without any record evidence that would allow a reasonable fact-finder to award damages for any covered item of loss for which Nationwide has not already compensated Plaintiffs, Nationwide is entitled to summary judgment on Plaintiffs' breach of contract claim. ***First***, Plaintiffs' own damages expert provides no competent record evidence that would allow the jury to award damages for any covered item of loss for which Nationwide has not already compensated Plaintiffs. ***Second***, the reports of Plaintiffs' public adjusters from early 2006 are not probative of Hurricane Katrina wind damage to Plaintiffs' Property because they include damage attributable to causes other than wind and are unreliable by Plaintiffs' expert's own account. ***Third***, while it establishes conclusively the total amount of loss, the buyers' renovation of the Compass Pointe property does not provide competent evidence to support any recoverable damages because it in no way isolates wind from other causes of loss.

5. Next, because Nationwide had an arguable basis to partially deny Plaintiffs' claim, Plaintiffs are not entitled to extracontractual damages. Plaintiffs have also failed to provide a calculation of the extracontractual damages for which they seek to recover. What is more, Plaintiffs' claim that they could have charged dramatically higher rent after Hurricane Katrina fails because such conduct is illegal under Mississippi law. In addition, Plaintiffs' dealings and dispute with their mortgage lender eviscerate Plaintiffs' extracontractual damages claim against Nationwide. Finally, Plaintiffs cannot meet their "heavy burden" in substantiating claims for bad faith and punitive damages.

6. This Court should therefore grant summary judgment in Nationwide's favor.

7. In support of this Motion, Nationwide relies upon its supporting Memorandum of Authorities as well as the following exhibits:

| | |
|---|---|
| Exhibit 1: | July 31, 2009 KKAI Meteorology Analysis of Hurricane Katrina Wind & Storm Tide Report |
| Exhibit 2: | Oct. 3, 2008 Certified Copy of Nationwide Bus. Provider Policy 6323 BP 139742 0003 |
| Exhibit 3: | All Activity Logs |
| Exhibit 4: | Blue Tarp Invoice |
| Exhibit 5: | Claim Check Copies for Exterior Damage |
| Exhibit 6: | Jan. 19, 2010 Deposition of Ralph Brockman, *Compass Pointe* |
| Exhibit 7: | Sept. 24, 2005 Reservation of Rights Letter |
| Exhibit 8: | Nov. 18, 2005 NFC Report |
| Exhibit 9: | Claim Check Copies for Interior Damage |
| Exhibit 10: | Nov. 15, 2005 Letter J. Biggs to R. Brockman & W. Brockman |
| Exhibit 11: | Claim Check Copy No. 91-000985927 |
| Exhibit 12: | Dec. 4, 2005 Letter J. Biggs to R. Brockman & W. Brockman |
| Exhibit 13: | Claim Check Copy No. 91-000985932 |
| Exhibit 14: | Jan. 6, 2010 Letter C. Higley to M. Brown |
| Exhibit 15: | Nov. 18, 2009 Deposition of Donna Bass |
| Exhibit 16: | Jan. 29, 2010 Deposition of Greg Stewart, *Compass Pointe* |
| Exhibit 17: | Feb. 3, 2006 Letter D. DiSanto to Nationwide |

| | |
|---|---|
| Exhibit 18: | Aug. 18, 2006 Agreement for the Purchase and Sale of Real Estate |
| Exhibit 19: | Dec. 8, 2006 HUD Settlement Statement |
| Exhibit 20: | Oct. 30, 2006 Letter C. McBride to B. Furr at CH001981 |
| Exhibit 21: | Oct. 8, 2009 Letter N. Gaudet to K. O'Scannlain |
| Exhibit 22: | June 20, 2008 Letter R. Brockman to C. Kraner |
| Exhibit 23: | Jul. 21, 2008 Letter R. Brockman to C. Kraner |
| Exhibit 24: | Oct. 6, 2009 Deposition of Lewis O'Leary, *Carriage House* |
| Exhibit 25: | May 3, 2007 Email L. O'Leary to S. Belk with attachments |
| Exhibit 26: | Payments to Lewis O'Leary |
| Exhibit 27: | Mar. 17, 2008 Email L. O'Leary to R. Brockman (via S. Belk) |
| Exhibit 28: | Jan. 26, 2008 Planning Memo |
| Exhibit 29: | May 3, 2007 Email L. O'Leary to S. Belk |
| Exhibit 30: | Aug. 21, 2008 Letter P. Hagan to R. Brockman |
| Exhibit 31: | Sept. 18, 2009 James Skees Apartment Buildings Hurricane Damage Evaluation |
| Exhibit 32: | Sept. 30, 2009 Letter R. Martin to R. Gilmore |
| Exhibit 33: | Feb 2, 2010 Letter C. Higley to M. Brown |
| Exhibit 34: | Jan. 28, 2010 Madison Homes Jobs Costs by Job and Vendor Summary |
| Exhibit 35: | Jan. 29, 2010 Madison Homes Profit & Loss by Job |
| Exhibit 36: | Sept. 30, 2009 Pls.' Answer to Irrog. No. 28 |
| Exhibit 37: | Feb. 1, 2010 Deposition of Elisabeth Purvis |
| Exhibit 38: | Jan. 23, 2010 Summary, Wind Damage Estimate of Jerry Wiggins |
| Exhibit 39: | Jan. 13, 2010 Summaries of Total Damage Estimate of Jerry Wiggins |
| Exhibit 40: | Sept. 16, 2008 Summary, Wind Damage Estimate of Jerry Wiggins |
| Exhibit 41: | Dec. 10, 2009 Email J. Wiggins to N. Gaudet |
| Exhibit 42: | Jan. 6, 2010 Email N. Gaudet to Jerry Wiggins |
| Exhibit 43: | Dec. 17, 2009 Email J. Wiggins to N. Gaudet |
| Exhibit 44: | Jan. 26, 2010 Deposition of Jerry Wiggins, *Compass Pointe* |
| Exhibit 45: | Nov. 20, 2009 Deposition of Michael Fusco |
| Exhibit 46: | Mar. 21, 2006 Letter M. Fusco to J. Landry |
| Exhibit 47: | June 29, 2009 ProBuilders Report of Findings |
| Exhibit 48: | Nov. 4, 2009 Deposition of Jerry Wiggins, *Carriage House* |
| Exhibit 49: | Sept. 29, 2005 Letter W. Dus to J. Biggs |
| Exhibit 50: | Aug. 28, 2006 Letter R. Brockman to Investors |

Exhibit 51:   Mar. 24, 2009 Pls' Pre-Discovery Disclosures

Exhibit 52:   Apr. 30, 2009 Pls.' Disc. Resps., Resp. to Interrog. No. 20

Exhibit 53:   June 29, 2009 Letter J. Myers to M. Brown

Exhibit 54:   Nov. 11, 2009 Deposition of John Myers

Exhibit 55:   Oct. 20, 2009 Deposition of Ralph Brockman, *Carriage House*

Exhibit 56:   Sept. 26, 2005 Memo. re Hurricane Katrina State of Emergency

Exhibit 57:   Feb. 6, 2008 Proclamation Terminating State of Emergency

Exhibit 58:   Mar. 22, 2007 Declaration of William G. Brockman, *Brockman v. LNR Partners, Inc.*, No. 1:07CV58-LG-JMR (S.D. Miss. Jan. 24, 2007)

Exhibit 59:   Oct. 21, 2009 Deposition of William Brockman, *Carriage House*

Exhibit 60:   Jan. 24, 2007 Complaint, *Brockman v. LNR Partners, Inc.,* No. 1:07CV58-LG-JMR (S.D. Miss. Jan. 24, 2007)

Exhibit 61:   March 22, 2007 Declaration of John Landry ¶ 12, *Brockman v. LNR Partners, Inc.*, No. 1:07CV58-LG-JMR (S.D. Miss. Jan. 24, 2007)

Exhibit 62:   Jan. 20, 2010 Deposition of William Brockman Dep., *Compass Pointe*

WHEREFORE, PREMISES CONSIDERED, Nationwide respectfully requests that this Court grant its Motion for Summary Judgment and enter an Order dismissing Plaintiffs' claims as a matter of law.

THIS, the 16th day of February, 2010.

                                      Respectfully submitted,

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANTS

By Their Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.

By:     */s/ Laura L. Hill*
       LAURA L. HILL
       lhill@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Thomas A. Clare, P.C. (Bar No. 44718)
Christian D. H. Schultz (Bar No. 44747)
Robert B. Gilmore (Bar No. 44997)
Kate S. O'Scannlain (Bar No. 45034)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

## **CERTIFICATE OF SERVICE**

  I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

> Nathan M. Gaudet
> Matthew K. Brown
> SULLIVAN, STOLIER AND RESOR, APLC
> 909 Poydras Street, Suite 2600
> New Orleans , LA 70112
> 504/561-1044
> Fax: 504/561-8606
> ngaudet@ssrlawfirm.com
> mbrown@ssrlawfirm.com

  This the 16th day of February, 2010.

             By: */s/ Laura L. Hill*
                 LAURA L. HILL
                 lhill@watkinsludlam.com